UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-272

| ALICIA Y. SMITH | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

Plaintiff Alicia Y. Smith ("Smith" or "Plaintiff") filed her application for Disability Insurance Benefits in August 2011, alleging a disability onset date of August 1, 2010. After Plaintiff's claim was denied both initially and on reconsideration, she requested and was granted a hearing before Administrative Law Judge Wendell M. Sims ("the ALJ"). The ALJ issued a decision on March 22, 2013, that Plaintiff was not disabled, from which Plaintiff appealed to the Appeals Council. The Appeals Council remanded the case for further consideration on April 18, 2014. A second hearing was held before the ALJ on November 19, 2014. At this hearing, Plaintiff amended her onset date to February 28, 2013, making the relevant period of disability

1

February 28, 2013, through the date last insured, December 31, 2013. On January 28, 2015, the ALJ issued his determination that Plaintiff was not disabled under the Act. On April 1, 2016, Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II.     Factual Background

In his decision, the ALJ at the first step determined that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured. (Tr. 34). At the second step, the ALJ concluded that Plaintiff has the following severe impairment: ulcerative colitis. (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 35).

The ALJ then found that Plaintiff has the residual functional capacity (RFC) to perform medium work "except that she is limited to frequent climbing, balancing, stooping and crouching." (*Id.*). Based on these limitations, the ALJ found in the fourth step that Plaintiff is is capable of performing her past relevant work as a stock clerk. (Tr. 40). Further, at the fifth step, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform as well. (Tr. 40–41). Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (Tr. 42).

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.    Discussion**

Plaintiff's first assignment of error is that the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Hanson.

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). Under Social Security regulations, an ALJ "is required to give 'controlling weight' to opinions proffered by a claimant's treating physicians so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)) (alterations in original). "The regulation's treating physician rule accords the greatest weight—controlling weight—to the opinions of treating sources, because those 'sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

3

It is undisputed that Dr. Hanson qualifies as a treating physician, and thus that his opinion is entitled to controlling weight unless the ALJ finds his opinion to either be not "well-supported" by appropriate techniques or inconsistent with the rest of the medical record. (Tr. 39). Dr. Hanson opined that Plaintiff has severe active colitis, is incapable of performing "even low stress jobs" because of her frequent diarrhea, would need 3–7 breaks of 15 minutes each day, and would likely to be absent from work more than four days per month as a result of her impairments or treatment needs. (Tr. 596–99).

However, the ALJ did not include the limitations recommended by Dr. Hanson in his RFC or in his hypothetical question to the Vocational Expert (VE). Rather, the ALJ gave the opinion of Dr. Hanson "less weight." (Tr. 39). Plaintiff argues (1) that this opinion should have been given controlling weight, and (2) that even if it was not entitled to controlling weight, the ALJ failed to give "good reasons" for why he did not assign it controlling weight. The Court agrees with Plaintiff's latter argument and remands on that basis.

When assigning weight to a treating source's medical opinion, an ALJ must provide "good reasons" based on specific evidence for his or her decision. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p. Specifically, an ALJ is to assess the following factors in weighing a treating source's opinion: length of treatment relationship, nature and extent of treatment relationship, supportability of the opinion, consistency with the record as a whole, specialization of the source, and other relevant factors. 20 C.F.R. §§ 404.1527(c)(2–6).

The only reason that the ALJ stated for assigning less weight to Dr. Hanson's opinion is that Dr. Hanson did not provide "treatment records, objective findings or clinical signs to support his opinions." (Tr. 39). However, the ALJ had twenty-five pages of treatment records in front of him showing the results of Dr. Hanson's examinations. (Tr. 531–56). These records show that

4

Dr. Hanson found her to have "severe active colitis" (Tr. 543) and "severe active inflammation" (Tr. 531) following a colonoscopy in June 2014 and a sigmoidoscopy in August 2014, and that he diagnosed her with ulcerative colitis (Tr. 537, 551). Dr. Hanson repeated these findings in his RFC questionnaire, where he stated his opinion about Plaintiff's functionality based on her diagnosis and the severity of her symptoms.

In light of the fact that Dr. Hanson provided treatment records stating objective findings and clinical signs and consistently applied them in his RFC assessment, the ALJ's summary dismissal of his opinion was in error. The record must include "a discussion of which evidence the ALJ found credible and why." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Instead of discussing why he did not find Dr. Hanson's opinion to be credible, the ALJ merely made a one-sentence statement to justify his decision, without mentioning any of the factors listed in 20 C.F.R. §§ 404.1527(c). By performing such a "perfunctory" analysis, the ALJ failed to adequately explain the reason why he accorded less weight to Dr. Hanson's opinion. *See Lewis*, 858 F.3d at 867 (finding a "perfunctory" rejection of a treating physician's opinion inadequate when the ALJ's analysis spanned "only four lines" and overlooked "critical aspects" of the plaintiff's treatment history). And contrary to the Commissioner's argument, it is not the role of this Court to supply an explanation based on other findings in the ALJ's decision. This would lead the Court to impermissibly substitute its judgment for that of the ALJ. *Radford*, 734 F.3d at 296. Rather, the ALJ must explain with specificity his reasons for not giving Dr. Hanson's opinion controlling weight.

Finally, this error is not harmless. Based on the RFC and hypothetical question given by the ALJ—which did not include the limitations found by Dr. Hanson—the VE in this case found that Plaintiff could hypothetically perform her prior work and three other positions that are

5

available in sufficient numbers nationally and in the state of North Carolina. (Tr. 88). However, when Plaintiff's attorney asked the VE if those same jobs could be performed if the Plaintiff needed "three to four extra breaks for 15 minutes" or "if she was absent more than four days a month," the VE responded negatively. (Tr. 89). Thus, if the ALJ had given controlling weight to Dr. Hanson's opinion of Plaintiff's functionality, the ALJ would not have been able to rely on these hypothetical jobs to determine that Plaintiff was not disabled in steps four and five.

## V. Conclusion

For the foregoing reasons, the Court is unable to find that the ALJ's decision is supported by substantial evidence. This case is remanded for the ALJ to reassess the opinion testimony of Dr. Hudson and fully explain the rationale for the weight given to Plaintiff's treating physicians.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**, the Commissioner's Motion for Summary Judgment (Doc. No. 15) is **DENIED**, and the decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act is **VACATED AND REMANDED**.

**SO ORDERED**.

Signed: November 21, 2017

Graham C. Mullen
United States District Judge

6